UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA LAMBERT,                                              CIVIL ACTION
       **Plaintiff**

VERSUS                                                    NO.  25-1446

SAFEPORT INSURANCE                                       SECTION: "E" (2)
COMPANY, ET AL.,
       **Defendants**

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Plaintiff Lisa Lambert's causes of action asserted against Defendant SageSure Insurance Managers LLC ("SageSure"), filed by SageSure.[1]  Plaintiff filed an opposition,[2] and SageSure filed a reply.[3]

## BACKGROUND

### I.  Factual Background

Plaintiff filed this action against Defendants SageSure and SafePort Insurance Company ("SafePort"), seeking damages for Defendants' alleged failure to pay for repairs under an insurance policy after Plaintiff's property was damaged by multiple windstorms.[4] Plaintiff alleges the insurance policy covered her property against perils including windstorms and wind damage.[5]

Plaintiff further alleges that, after the windstorm caused damage to her home, she made every effort to mitigate her damages and promptly reported the loss to Defendants

---

[1] R. Doc. 41.

[2] R. Doc. 43. This opposition is labeled "omnibus" because it also serves as the opposition to the Motion to Dismiss filed by the other defendant in this action, SafePort Insurance Company. R. Doc. 42 (SafePort Insurance Company's Motion to Dismiss). The Court will address SafePort Insurance Company's Motion to Dismiss in a separate order.

[3] R. Doc. 45.

[4] R. Doc. 40 at pp. 3-9 ¶¶ 6-34.

[5] *Id.* at p. 3 ¶ 7.

(the "First Wind Claim").[6] Defendants then sent a field adjuster to inspect the property.[7] According to Plaintiff, the field adjuster denied coverage for the repairs on the ground that the damage was caused by "the foundation settling as a result of earth movement," which led to water pooling on the roof and prevented proper drainage; such damage is excluded from coverage.[8]

After coverage was denied, another windstorm allegedly struck Plaintiff's property, causing "extremely significant damages as a result of severe weather including but not limited to a windstorm," and resulting in the collapse of a room inside the property.[9] Plaintiff again alleges she made every effort to mitigate her damages and promptly notified Defendants of the loss (the "Second Wind Claim").[10] Defendants once more sent a field adjuster, who denied coverage for the repairs on the same ground given with respect to the First Wind Claim.[11] Plaintiff further alleges that, after the field adjuster denied the Second Wind Claim, Defendants sent an engineer to inspect the property, and the engineer wrongfully identified the type of roof and cited a cause of damage different from the one later set forth in his report.[12] Plaintiff alleges Defendants directed the report be altered so that it matched the reasons previously cited by the field adjuster to deny both the First Wind Claim and the Second Wind Claim, rather than the engineer's actual findings made during the inspection.[13]

## II. Procedural Background Relevant to the Instant Motion to Dismiss

[6] *Id.* at pp. 3-4 ¶¶ 8-10.
[7] *Id.* at p. 4 ¶ 11.
[8] *Id.* at p. 4 ¶ 11.
[9] *Id.* at p. 5 ¶ 15.
[10] *Id.* at p. 5 ¶ 15.
[11] *Id.* at p. 5 ¶ 16.
[12] *Id.* at p. 5 ¶ 16.
[13] *Id.* at p. 6 ¶ 18.

Plaintiff asserts the following causes of action against Defendants: (1) breach of contract;[14] (2) breach of Defendants' duty of good faith and fair dealing;[15] (3) fraud;[16] , (4) conspiracy to commit fraud;[17] (5) unfair trade practices in the business of insurance;[18] (6) insurance fraud;[19] and (7) negligent misrepresentation.[20]

On February 16, 2026, SageSure filed the instant Motion to Dismiss.[21] SageSure seeks dismissal with prejudice of all claims asserted, arguing that, as an adjuster rather than a party to the insurance contract, it cannot be liable for breach of contract or for breach of any duty of good faith and fair dealing.[22] SageSure further argues Plaintiff's fraud claims must be dismissed because Plaintiff failed to plead them with the particularity required by Federal Rule of Civil Procedure 9(b).[23]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[24] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[14] *Id.* at pp.9-10 ¶¶ 35-42.
[15] *Id.* at pp. 10-13 ¶¶ 43-53
[16] *Id.* at pp. 13-22 ¶¶ 54-70n.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] R. Doc. 41.
[22] *Id.* at p. 1; R. Doc. 41-1 at p. 1.
[23] R. Doc. 41-1 at p. 5.
[24] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[27] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"[28] or "naked assertion[s]"[29] devoid of "further factual enhancement"[30] are not sufficient.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[31] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[32] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[34] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[35] "[I]ntensive disputes of material fact . . . are usually more appropriate for

---

[26] *Id.*

[27] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[28] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[29] *Twombly*, 550 U.S. at 557.

[30] *Id.*

[31] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[32] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

[33] *Iqbal*, 556 U.S. at 679.

[34] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[35] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

4

summary judgment . . . ."[36]

A claim for fraud is subject to heightened pleading standards pursuant to Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[37] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[38] The Fifth Circuit "interprets Rule 9(b) strictly" and requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[39] In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[40]

## LAW AND ANALYSIS

### III. Plaintiff's breach of contract claim as to SageSure will be dismissed with prejudice.

Plaintiff asserts a breach of contract claim against SageSure, alleging it breached the terms of the insurance policy by failing to pay for covered repairs despite having satisfactory proof of loss and by conducting the investigation and handling of the claims in bad faith.[41] "Under Louisiana law, a plaintiff pleading breach of contract must adequately allege: '(1) defendant owned [her] an obligation; (2) defendant failed to perform the obligation; and (3) defendant's failure to perform resulted in damage to the plaintiff.'"[42] Importantly, "[i]t is well established that Louisiana provides no action for

---

[36] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

[37] Fed. R. Civ. P. 9(b).

[38] *Id.*

[39] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted)).

[40] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

[41] R. Doc. 40 at pp. 9-10 ¶¶ 35-42.

[42] *O'Connor v. Allied Trust Ins. Co.*, Civil Action No. 23-218, 2025 WL 3690770, *9 (E.D. La. Dec. 19, 2025) (citing *Stipp v. MetLife Auto & Home Ins. Agency, Inc.*, 225 So. 3d 1182, 1189 (La. App. 5 Cir. 2017)).

breach of contract in the absence of privity between the parties."[43]

SageSure argues this claim must be dismissed to the extent it is asserted against SageSure because SageSure is neither the insurer that issued the policy nor a party to the contract.[44] In support, SageSure cites the policy's renewal declarations, which show that SafePort—not SageSure—is the insurer and the party in privity of contract with Plaintiff. Although Plaintiff includes SageSure in her allegations under the heading "Causes of Action" and the subheading "Breach of the Insurance Contract,"[45] Plaintiff states she "is not suing SageSure for breach of contract."[46] In light of this statement and because she otherwise fails to state a breach of contract claim against SageSure in the absence of privity of contract, the Court will dismiss Plaintiff's breach of contract claim with prejudice.[47]

### IV. Plaintiff's claim for breach of Defendants' duty of good faith and fair dealing will be dismissed with prejudice.

Plaintiff seeks damages under La. R.S. § 22:1892 and La. R.S. § 22:1973 based on SageSure's alleged breach of the duty of good faith and fair dealing. Under Louisiana law, insurers owe their insureds a statutory duty of good faith and fair dealing. That duty is breached when an insurer fails to pay the amount of any claim due within the applicable time period after receiving satisfactory proof of loss.[48] A breach of that duty subjects an "insurer" to penalties under La. R.S. § 22:1892 and La. R.S. § 22:1973.[49] Because SageSure is not an insurer, it cannot be held liable for penalties under these statutes. Accordingly,

---

[43] *Matthews v. Stolier*, Civil Action No. 13-6638, 2015 WL 1726211, at *7 (E.D. La. Apr. 15, 2015) (citing *Louisiana Ins. Guar. Ass'n v. Rapides Parish Police Jury*, 182 F.3d 326, 331 (5th Cir. 1999)).
[44] R. Doc. 41-1 at pp. 3-5.
[45] R. Doc. 40 at pp. 9-10 ¶¶ 35-42.
[46] R. Doc. 43 at p. 6.
[47] *Id.*
[48] La. R.S. § 22:1892.
[49] *Id.*; La. R.S. § 22:1973.

Plaintiff's claim that SageSure breached the duty of good faith and fair dealing under these statutes must also be dismissed.

### V. Plaintiff's claims for insurance fraud and for unfair trade practices will be dismissed with prejudice.

#### A. Plaintiff's claim for insurance fraud under La. R.S. § 22:1924 will be dismissed with prejudice.

Plaintiff asserts a claim for insurance fraud under La. R.S. § 22:1924 against SageSure, alleging SageSure presented false engineering reports and denial letters designed to deprive Plaintiff of her benefits under the policy.[50] However, that statute provides only for a criminal penalty and does not provide a private cause of action. La R.S. § 22:1924(B) provides that the "criminal provisions of this Section shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies."[51] Further, Louisiana courts interpreting this article have established that there is no private cause of action relating to insurance fraud under this statute.[52] Accordingly, Plaintiff's claim for insurance fraud will be dismissed with prejudice.

#### B. Plaintiff's claim for unfair trade practices in the insurance business will be dismissed with prejudice.

Plaintiff asserts a claim for unfair trade practices in the business of insurance[53] against SageSure, alleging SageSure engages in unfair trade practices by misrepresenting terms of insurance policies, failing to adopt reasonable standards for prompt investigation of claims, refusing to pay claims without conducting a reasonable investigation, failing to affirm or deny coverage within a reasonable time period, and by

---

[50] R. Doc. 40 at p. 13 ¶ 59.
[51] La. R.S. § 22:1924(B).
[52] *A-1 Nursery Registry, Inc. v. United Teacher Associates Ins. Co.*, 682 So. 2d 929, 931–32 (La. App. 3 Cir. 1996).
[53] La. R.S. § 22:1964.

not attempting to operate in good faith.[54] However, just like for insurance fraud, Plaintiff's claim must be dismissed because the statute provides no private cause of action for persons allegedly injured by unfair trade practices in the insurance business.[55] Accordingly, the Court will dismiss that claim with prejudice.

**VI.    Plaintiff's claims for fraud or intentional misrepresentation, civil conspiracy to commit fraud, and negligent misrepresentation are not adequately pleaded and will be dismissed with prejudice.**

**A. Plaintiff's claim for fraud or intentional misrepresentation is not sufficiently pleaded and will be dismissed.**

Plaintiff asserts a claim for fraud or intentional misrepresentation against SageSure, alleging SageSure, at the direction of SafePort, intentionally misrepresented the policy by directing the engineer who inspected the property and issued a report to fabricate a policy exclusion by claiming the damage was caused by "earth movement," all the while knowing that "earth movement" is a "physically impossible and scientifically baseless" cause for roof damage. SageSure argues the claim for fraud or intentional misrepresentation must be dismissed because Plaintiff failed to plead those claims with the particularity required by Federal Rule of Civil Procedure 9(b).[56]

State law fraud claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement.[57] Rule 9(b) provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

---

[54] R. Doc. 40 at p. 18 ¶ 70c.
[55] La. R.S. § 22:1967; *Klein v. American Life & Cas. Co.*, 858 So. 2d 527, 533 (La. App. 4 Cir. 2003) (citing *Clausen v. Fidelity and Deposit Company of Maryland*, 660 So. 2d 83, 86 (La. App. 1 Cir. 1995), *writ denied*, 666 So. 2d 320 (La. 1996)).
[56] R. Doc. 41-1 at p. 5.
[57] *Dorsey*, 540 F.3d at 338-39.

generally."[58] The Fifth Circuit has interpreted this requirement to impose on plaintiffs pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[59]

Under Louisiana Civil Code article 1953, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[60] Fraud under Louisiana Civil Code article 1953 applies in cases in which the parties have entered into a contract.[61] Plaintiff and SageSure were not in privity of contract in this case. Nevertheless, in Louisiana, fraud also may be brought as a tort claim.[62] A plaintiff pleading the tort of fraud must adequately allege: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury."[63]

Plaintiff alleges that "SageSure conspired with the adjuster(s) and/or engineering company and/or engineer . . . to alter one or more estimates and/or reports" to defraud Plaintiff.[64] Plaintiff alleges that "SageSure, after obtaining the engineering report from Velocity Engineering Services, continued to knowingly and intentionally misrepresent to Plaintiff the cause of Plaintiff's damage as to Plaintiff's First Wind Claim and/or Plaintiff's Second Wind Claim . . . and, upon information and belief conspired with Safe[P]ort in doing so."[65] Plaintiff further alleges that

[t]he engineer retained by SageSure, upon information and belief, at SageSure's

---

[58] FED. R. CIV. P. 9(b).
[59] *Dorsey*, 540 F.3d at 339.
[60] La. C.C. art. 1953
[61] *Riedel v. Fenasci*, 270 So. 3d. 795, 801 (La. App. 1 Cir. 2018).
[62] *Id.*
[63] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 418 (5th Cir. 2008).
[64] R. Doc. 40 at p. 15 ¶ 63.
[65] *Id.* at p. 16 ¶ 68.

> instruction and upon orders of Safe[P]ort and/or with Safe[P]ort's knowledge and/or in conjunction with collusive activites between Safe[P]ort and/or SageSure misrepresented to Plaintiff the type(s) of roofing system(s) and/or materials of and/or that comprised Plaintiff's roofing system(s), and such actions . . . constituted one or more representations.[66]
>
> * * *
>
> Safe[P]ort['s] (in conspiracy and with the assistance of SageSure) field adjuster . . . knew and/or suspected that the denial letter was based on misrepresentation of material facts and that the final draft of [the] engineering report was altered by the desk adjuster at the request of and in conspiracy with SageSure.[67]

Plaintiff further alleges the "intentional and knowingly false invocations of 'settling' as the causations for roof damage were [made] knowing[] [it was] physically impossible and scientifically baseless,"[68] and that "Defendants made the aforementioned statements with the specific intent to deceive Plaintiff and to fabricate a justification for denying coverage under the Policy's 'Earth Movement' exclusion, thereby conducting a scheme to defraud."[69]

Plaintiff's fraud, or intentional misrepresentation, claim against SageSure fails because it is not pleaded with the particularity required by Rule 9(b). Rule 9(b) requires Plaintiff to specify the statements alleged to be fraudulent, identify the speaker, state when and where the statements were made, and explain why they were fraudulent.[70] The allegations here do not satisfy that standard. They are confusing and unclear, shifting among both Defendants, SageSure, SafePort, various adjusters, and the engineer without clearly identifying each actor, the specific conduct attributable to each actor, or the particular statement(s) alleged to be fraudulent. Plaintiff does not identify the speaker of

---

[66] *Id.* at pp. 16-17 ¶ 69.
[67] *Id.* at p. 19 ¶ 70f.
[68] *Id.* at p. 21 ¶ 70k.
[69] *Id.* at p. 21 ¶ 70L.
[70] *Dorsey*, 540 F.3d at 339.

the allegedly fraudulent statements by name, instead referring generally to SageSure, SafePort, the adjuster, and the engineer. Plaintiff also repeatedly groups those actors together without distinguishing SageSure's conduct from that of SafePort, the field adjuster, the desk adjuster, the engineering company, or the engineer. Collective pleading is insufficient under Rule 9(b), which requires a plaintiff to allege each defendant's role in the purported fraud with specificity.

Even if Plaintiff had pleaded fraud with the requisite particularity, the claim would still fail because Plaintiff does not allege justifiable reliance. Under Louisiana law, a tort fraud claim requires not only a material misrepresentation and intent to deceive, but also justifiable reliance in the misrepresentation resulting in injury. Plaintiff alleges SageSure made false statements to support denial of coverage, but she does not allege that she relied on any such statement, much less that her reliance was justifiable. She does not allege that she took or refrained from taking any action because of SageSure's alleged misrepresentation, changed her position in reliance on it, or otherwise suffered a distinct injury caused by reliance on the statement itself.

Accordingly, Plaintiff's fraud or intentional misrepresentation claim against SageSure must be dismissed because the Complaint does not plead the alleged fraud with the particularity required by Rule 9(b) and does not allege her justifiable reliance, a necessary element of the claim.

### B. Plaintiff's claim for civil conspiracy to commit fraud is not sufficiently pleaded and will be dismissed.

Plaintiff asserts a claim for conspiracy to commit fraud against SageSure, alleging SageSure conspired with SafePort to fraudulently alter engineering reports to defraud

Plaintiff of her benefits under the policy.[71] SageSure again argues the claim must be dismissed because Plaintiff failed to plead the claim with the required particularity under Federal Rule of Civil Procedure 9(b).[72]

Under Louisiana law, "[c]onspiracy by itself is not an actionable claim, . . . and must be based on an underlying tort."[73] Louisiana law further provides "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."[74] A plaintiff pleading a civil conspiracy must adequately allege: (1) an agreement existed to commit an intentional tort, (2) the tort was actually committed and resulted in plaintiff's injury, and (3) an agreement as to the intended outcome or result.[75] Rule 9(b)'s heightened pleading standard applies to claims alleging a conspiracy to defraud.[76]

The Court finds that Plaintiff's claim for civil conspiracy to commit fraud does not survive the Motion to Dismiss. Because the Court has already determined that Plaintiff fails to state a claim for fraud, there is no underlying tort claim. The Court will dismiss Plaintiff's claim for civil conspiracy to commit fraud with prejudice.

### C. Plaintiff's claim for negligent misrepresentation is not adequately pleaded and will be dismissed.

Plaintiff alternatively asserts a claim for negligent misrepresentation against SageSure, alleging "Defendants . . . at least grossly negligently . . . misrepresented policy coverages."[77] Plaintiff alleges SageSure's "bad faith claims handling . . . constituted

---

[71] R. Doc. 40 at p. 15 ¶¶ 62-63.
[72] R. Doc. 40-1 at pp. 5-6.
[73] *In re Willow Bend Ventures, LLC*, Civil Action No. 18-6910, 2025 WL 3690770, at *5 (E.D. La. May 28, 2019) (citing *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So. 3d 987, 991 (La. App. 4 Cir. 2010)).
[74] La. C.C. art. 2324(A).
[75] *In re Willow Bend Ventures, LLC*, 2025 WL 3690770, at *5.
[76] *Sw. La. Healthcare Sys. v. MBIA Ins. Corp.*, Civil Action No. 5-1299, 2006 WL 2548183, at *4 (W.D. La. Aug. 31, 2006).
[77] R. Doc. 40 at p. 13 ¶ 55.

misrepresentation(s)."[78] To recover for negligent misrepresentation, a plaintiff must allege "a legal duty on the part of the defendant, a breach of that duty, and damage to the plaintiff."[79] That claim fails at the outset because SageSure served as the adjuster on the claim, not the insurer. Courts have recognized that "there is generally no cause of action against an insurance adjuster for processing and handling an insurance claim."[80] Courts have recognized only limited circumstances in which an adjuster may be held liable, considering factors such as the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, and misrepresentation or fraud.[81] Plaintiff makes no allegations that satisfy these limited exceptions.[82]

Accordingly, because there is generally no cause of action against an insurance adjuster for negligent misrepresentation arising out of the processing and handling of a claim, and because Plaintiff has no alleged facts bringing such a claim within any recognized exception, this claim will be dismissed with prejudice.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that SageSure's Motion to Dismiss[83] is **GRANTED**.[84]

**IT IS FURTHER ORDERED** that Plaintiff's claims against SageSure for breach of contract, breach of the duty of good faith and fair dealing, insurance fraud,  unfair trade

---

[78] *Id.* at p. 14 ¶ 60.

[79] *Riedel*, 270 at 801-02.

[80] *Bellina v. Liberty Mut. Ins. Co.*, 2020 WL 1689825, at *3 (E.D. La. Apr. 7, 2020).

[81] *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 373 (La. App. 1 Cir. 1981).

[82] Plaintiff's fraud claim is dealt with elsewhere.

[83] R. Doc. 41.

[84] Both parties request an award of costs and fees. The Court finds that neither party acted improperly in litigating the Complaint or filing the instant Motion. Accordingly, each party shall bear its own costs and fees associated with the instant Motion.

practices in the insurance business, fraud, conspiracy to commit fraud, and negligent misrepresentation are **DISMISSED WITH PREJUDICE.**[85]

**New Orleans, Louisiana, this 2nd day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[85] Ordinarily, a plaintiff's failure to satisfy applicable pleading requirements does not automatically warrant dismissal with prejudice. However, dismissal with prejudice is appropriate when the defect is incurable or where the plaintiff has failed to plead with particularity despite being afforded repeated opportunities to do so. *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000). In the instant action, Plaintiff cannot cure her claims for breach of contract, breach of the duty of good faith and fair dealing, insurance fraud, and unfair trade practices in the insurance business because SageSure is not an insurer. Further, Plaintiff has been afforded three opportunities to amend her complaint to plead fraud, civil conspiracy to commit fraud, and negligent misrepresentation with the requisite particularity but has failed to do so. Accordingly, the Court dismisses all claims against SageSure with prejudice.