**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LISA LAMBERT,**                                              **CIVIL ACTION**
                    **Plaintiff**

**VERSUS**                                                      **NO.  25-1446**

**SAFEPORT INSURANCE**                                         **SECTION: "E" (2)**
**COMPANY, ET AL.,**
                    **Defendants**

**ORDER AND REASONS**

Before the Court is Defendant SafePort Insurance Company's ("SafePort") Motion for Partial Dismissal, seeking dismissal with prejudice of Plaintiff Lisa Lambert's claims against it for fraud and conspiracy to commit fraud.[1] Plaintiff filed an opposition,[2] and SafePort filed a reply.[3]

**BACKGROUND**

**I.      Factual and Procedural Background Relevant to the Instant Motion.**

The relevant factual and procedural background is set forth in the Court's Order addressing Defendant SageSure Insurance Managers LLC's ("SageSure") Motion to Dismiss.[4] In the instant Motion, filed on February 16, 2026, SafePort seeks dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6) of Plaintiff's claims against it for fraud and conspiracy to commit fraud.[5] In the alternative, if the Court does not dismiss those claims, SafePort seeks a more definite statement as to those claims.[6]

---

[1] R. Doc. 42.
[2] R. Doc. 43.
[3] R. Doc. 44.
[4] R. Doc. 46 at pp. 1-3.
[5] R. Doc. 42 at p. 1.
[6] *Id.*

1

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"[11] or "naked assertion[s]"[12] devoid of "further factual enhancement"[13] are not sufficient.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[14] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[15] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

---

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

[9] *Id.*

[10] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

[11] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

[12] *Twombly*, 550 U.S. at 557.

[13] *Id.*

[14] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[15] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

2

the reviewing court to draw on its judicial experience and common sense."[16] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[17] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[18] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[19]

A claim for fraud is subject to heightened pleading standards pursuant to Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[20] Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[21] The Fifth Circuit "interprets Rule 9(b) strictly" and requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[22] In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[23]

## LAW AND ANALYSIS

**II.    Plaintiff's claim for insurance fraud under La. R.S. § 22:1924 will be dismissed with prejudice.**

Plaintiff asserts a claim for insurance fraud under La. R.S. § 22:1924 against

---

[16] *Iqbal*, 556 U.S. at 679.

[17] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[18] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

[19] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

[20] Fed. R. Civ. P. 9(b).

[21] *Id.*

[22] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted)).

[23] *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

SafePort, alleging SafePort presented false engineering reports and denial letters designed to deprive Plaintiff of her benefits under the policy.[24] However, that statute provides only a criminal penalty and does not provide a private cause of action. La R.S. § 22:1924(B) provides that "this Section shall be investigated, enforced, or prosecuted only by the proper law enforcement and prosecutorial agencies."[25] Further, Louisiana courts interpreting this statute have established that there is no private cause of action relating to insurance fraud under this statute.[26] Accordingly, Plaintiff's claim for insurance fraud will be dismissed with prejudice.

### III.    Plaintiff's claim for tortious fraud is not sufficiently pleaded and will be dismissed.

Plaintiff asserts a claim for tortious fraud against SafePort alleging Safeport directed SageSurge to intentionally misrepresent the policy by directing the engineer who inspected the property and issued a report to fabricate a policy exclusion by claiming the damage was caused by earth movement, all the while knowing that earth movement is a "physically impossible and scientifically baseless" cause for roof damage.[27] SafePort argues the claim for tortious fraud must be dismissed because Plaintiff failed to plead this claim with the particularity required by Federal Rule of Civil Procedure 9(b).[28]

State law fraud claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement.[29] Rule 9(b) provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

---

[24] R. Doc. 40 at p. 13 ¶ 58, p. 14 ¶¶ 59-60, pp. 17-21 ¶¶ 70-70k, p. 23 ¶ 72.
[25] La. R.S. § 22:1924(B).
[26] *See, e.g., A-1 Nursery Registry, Inc. v. United Teacher Associates Ins. Co.*, 682 So. 2d 929, 931–32 (La. App. 3 Cir. 1996); *Clausen v. Fidelity and Deposit Co. of Maryland*, 660 So. 2d 83, 86 (La. App. 1 Cir. 1995).
[27] R. Doc. 40 at p. 21 ¶ 70k.
[28] R. Doc. 42-1 at p. 3.
[29] *Dorsey*, 540 F.3d at 338-39.

generally."[30] The Fifth Circuit has interpreted this requirement to impose on plaintiffs pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[31]

Under Louisiana Civil Code article 1953, contractual "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[32] In Louisiana, fraud also may be brought as a tort claim.[33] A plaintiff pleading the tort of fraud must adequately allege: "(1) a misrepresentation of a material fact; (2) made with intent to deceive; and (3) causing justifiable reliance with resultant injury."[34]

Plaintiff's tortious fraud claim against SafePort fails because it is not pleaded with the particularity required by Rule 9(b). Rule 9(b) requires Plaintiff to specify the statements alleged to be fraudulent, identify the speaker, state when and where the statements were made, and explain why they were fraudulent.[35] The allegations here do not satisfy that standard. They are confusing and unclear, shifting blame among both Defendants, various adjusters, and the engineer without clearly identifying any actor, the specific conduct attributable to any actor, or the particular statement(s) alleged to be fraudulent. Plaintiff does not identify the speaker or author of any allegedly fraudulent statements by name, instead referring generally to SageSure, SafePort, the adjuster, and the engineer. Plaintiff also repeatedly groups those actors together without distinguishing SafePort's conduct from that of SageSure, the field adjuster, the desk adjuster, the

---

[30] FED. R. CIV. P. 9(b).
[31] *Dorsey*, 540 F.3d at 339.
[32] La. C.C. art. 1953
[33] *Riedel v. Fenasci*, 270 So. 3d. 795, 801 (La. App. 1 Cir. 2018).
[34] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 418 (5th Cir. 2008).
[35] *Dorsey*, 540 F.3d at 339.

engineering company, or the engineer. Collective pleading is insufficient under Rule 9(b), which requires a plaintiff to allege each defendant's role in the purported fraud with specificity.

Even if Plaintiff had pleaded fraud with the requisite particularity, the claim would still fail because Plaintiff does not allege justifiable reliance. Under Louisiana law, a tort fraud claim requires not only a material misrepresentation and intent to deceive, but also justifiable reliance on the misrepresentation resulting in injury. Plaintiff alleges SafePort made false statements to support denial of coverage, but she does not allege that she relied on any such statement, much less that her reliance was justifiable. She does not allege that she took or refrained from taking any action because of SafePort's alleged misrepresentation, changed her position in reliance on it, or otherwise suffered a distinct injury caused by reliance on the statement itself.

Accordingly, Plaintiff's tortious fraud claim against SafePort must be dismissed because the Complaint does not plead the alleged fraud with the particularity required by Rule 9(b) and does not allege her justifiable reliance, a necessary element of the claim.

## IV.    Plaintiff's claim for civil conspiracy to commit fraud will be dismissed with prejudice.

Under Louisiana law, "[c]onspiracy by itself is not an actionable claim, . . . and must be based on an underlying tort."[36] Louisiana law further provides "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."[37] A plaintiff pleading a civil conspiracy must adequately allege: (1) an agreement existed to commit an intentional

---

[36] *In re Willow Bend Ventures, LLC*, Civil Action No. 18-6910, 2025 WL 3690770, at *5 (E.D. La. May 28, 2019) (citing *Crutcher-Tufts Res., Inc. v. Tufts*, 38 So. 3d 987, 991 (La. App. 4 Cir. 2010)).
[37] La. C.C. art. 2324(A).

tort, (2) the tort was actually committed and resulted in plaintiff's injury, and (3) an agreement as to the intended outcome or result.[38] Rule 9(b)'s heightened pleading standard applies to claims alleging a conspiracy to defraud.[39]

The Court finds that Plaintiff's claim for civil conspiracy to commit fraud does not survive the Motion to Dismiss. Because the Court has already determined that Plaintiff fails to state a claim for insurance fraud or tortious fraud, there is no underlying tort claim. The Court will dismiss Plaintiff's claim for civil conspiracy to commit fraud with prejudice.

## CONCLUSION

**IT IS ORDERED** that SafePort's Motion to Dismiss[40] is **GRANTED**.[41]

**IT IS FURTHER ORDERED** that Plaintiff's claims against SafePort for insurance fraud under La. R.S. § 22:1924, tortious fraud under La. C.C. art. 1953, and conspiracy to commit fraud are **DISMISSED WITH PREJUDICE**.[42]

**New Orleans, Louisiana, this 8th day of April, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[38] *In re Willow Bend Ventures, LLC*, 2025 WL 3690770, at *5.

[39] *Sw. La. Healthcare Sys. v. MBIA Ins. Corp.*, Civil Action No. 5-1299, 2006 WL 2548183, at *4 (W.D. La. Aug. 31, 2006).

[40] R. Doc. 41.

[41] Both parties request an award of costs and fees. The Court finds that neither party acted improperly in litigating the Complaint or filing the instant Motion. Accordingly, each party shall bear its own costs and fees associated with the instant Motion.

[42] Ordinarily, a plaintiff's failure to satisfy pleading requirements does not automatically warrant dismissal with prejudice. However, dismissal with prejudice is appropriate when the defect is incurable or where the plaintiff has been afforded repeated opportunities to cure any defect yet failed to plead with particularity. *Hart v. Bayer Corp.,* 199 F.3d 239, 248 n. 6 (5th Cir. 2000). In the instant action, Plaintiff cannot cure her claims for insurance fraud because there is no private cause of action under that statute. Further, Plaintiff has been afforded three opportunities to amend her complaint to plead fraud and civil conspiracy to commit fraud with the requisite particularity but has failed to do so. Accordingly, the Court dismisses all claims against SafePort with prejudice.